FILED
2018 Jul-25  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RHONDA KAIKKONEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ASCENT HOSPITALITY** | ) | |
| **MANAGEMENT COMPANY** | ) | |
| **(d/b/a HUNTSVILLE MARRIOTT** | ) | |
| **AT THE SPACE & ROCKET** | ) | |
| **CENTER) and** | ) | **CIVIL ACTION NO.: _____** |
| **FICTITIOUS DEFENDANTS** | ) | |
| **1 – 5** whether singular or plural, that entity | ) | |
| or entities, individual or individuals that | ) | |
| Plaintiff avers was/were directly | ) | |
| responsible for the sexual harassment, | ) | |
| inequitable discrimination and constructive | ) | |
| termination of Plaintiff. | ) | |
| | ) | |
| The identities of the fictitious parties | ) | |
| defendant herein are otherwise unknown to | ) | |
| Plaintiff at this time or, if their names are | ) | |
| known, their identities as proper parties | ) | |
| defendant are not known to Plaintiff at this | ) | |
| time, and their true names will be | ) | |
| substituted by amendment when | ) | |
| ascertained. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Rhonda Kaikkonen, Plaintiff in the above-styled action, and

files her Complaint against Ascent Hospitality Management Company (d/b/a

Huntsville Marriott at the Space & Rocket Center) (henceforth "Ascent"), and Fictitious Defendants 1 through 5 inclusive, Defendants in the above-styled action, and, in support thereof, would show as follows:

## INTRODUCTION

1.      During her employment with Ascent, Ms. Kaikkonen was subjected to severe and pervasive sexual harassment, including physical groping of her private parts and sexually suggestive comments and repeated requests for sex, by a coworker, known to her only as "Howard".   Although she complained to management, nothing was done to remedy the situation and the harassment continued.

2.      The human resources director at Ascent, Nina Garrick, personally witnessed at least one incident of physical harassment, but declined to intervene, allowing the incident to continue uninterrupted.

3.      Following her report of sexual harassment to management, Ms. Kaikkonen was subjected to retaliatory disciplinary proceedings, namely being written-up and placed on probation for a work absence due to illness.

4.      The sexual touching and explicit comments continued, unabated, following Ms. Kaikkonen's complaint to management. This ongoing harassment, coupled with the unjustified disciplinary action against her, led to Ms. Kaikkonen's constructive termination on June 2, 2017, when she felt she had no alternative but to

resign her position.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 which provides for relief against discrimination and employment on the basis of sex (henceforth "Title VII").

6.     The Defendant, Ascent, conducts business in this district and division. Moreover, a portion of the unlawful employment practices alleged in this complaint occurred within this district and division.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e—5(f)(3).

## CONDITIONS PRECEDENT

7.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (henceforth "E.E.O.C.") alleging discrimination on the basis of her sex and her retaliation in violation of Title VII.  A copy of the Charge of Discrimination is attached hereto as "Exhibit A."

8.     More than one hundred and eighty (180) days after the filing of Plaintiff's Charge, the EEOC had not yet issued a finding. Therefore, the Plaintiff requested, and the EEOC subsequently issued, a "Notice of Right to Sue (Issued on Request)" related to this matter. A copy of the Right to Sue is attached hereto as "Exhibit B." Plaintiff received a Dismissal and Notice of Rights from the E.E.O.C.

and this action was instituted within ninety (90) days of receipt thereof.

## PARTIES

9.      Plaintiff, Rhonda Kaikkonen, is a female citizen of the United States and resident of this district and division.  She is a former employee of Defendant Ascent.

10.      Ascent is an entity subject to suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981a.  At all times relevant to this action, upon information and belief, Ascent has employed more than one hundred and fifty (150) employees.  Upon information and belief, Ascent was notified that the Plaintiff filed the Charge of Discrimination.

## FACTS

11.      Plaintiff, who is female, began working at the Huntsville Marriott on November 28th, 2016 as a Concierge Agent. Shortly after she began working there, another employee, identified herein as "Howard" (last name unknown), began to make highly inappropriate comments to her, including telling her that she was beautiful, and that she "smelled good." Plaintiff had no interest in "Howard", in any capacity.

12.      Over the following months, "Howard's" advances became more and more sexual in nature. He would proposition Plaintiff almost on a daily basis, suggesting that they get a hotel room together.

13.     A couple of weeks after the sexually suggestive comments began, in around January 2017, "Howard" began to physically grope and molest Plaintiff. He grabbed at and touched her breasts and buttocks. Plaintiff would rebuff these advances, physically pushing him away and telling him to stop. This would happen at least three (3) times per week.

14.     One of "Howard's" preferred methods of assault was to back Plaintiff into a corner, so that he could physically grope her and make extremely sexually explicit suggestions to her about what he would like to do to her.

15.     Plaintiff ultimately went to see her Human Resources Administrator, Nina Garrick, in April 2017, to put a stop to the physical touching and sexually explicit comments. Plaintiff explained "Howard's" egregious behavior and requested whatever appropriate steps be taken to remedy the situation. However, no action was taken by the Human Resources Department, and the sexual harassment continued, unabated.

16.     In its response to the Charge of Discrimination filed by the Plaintiff attached to this Complaint as Exhibit A, Ascent acknowledged that the Plaintiff complained about "Howard's" sexual harassment and that nothing was done by the company in response because the Plaintiff "asked them not do anything" which Plaintiff adamantly denies.

17.     About a week after Plaintiff made the complaint to Human Resources,

Ms. Garrick happened to be walking past, and saw Plaintiff cornered and being harassed by "Howard." Ms. Garrick asked whether "Howard" was harassing Plaintiff to which she responded in the affirmative. At this point Ms. Garrick simply walked away, allowing "Howard's" assault to continue, uninterrupted.

18.    Approximately one month after Plaintiff reported the harassment, she was taken ill and was unavoidably absent from work as a consequence. In response to Plaintiff's absence, the Human Resources Dept. took unwarranted and retaliatory disciplinary action against Plaintiff, writing her up and placing her on two (2) weeks' probation.

19.    On or around May 18, 2018, Plaintiff submitted her resignation because no action had been taken regarding "Howard's" sexual harassment, his harassment was continuing, and she was subjected to retaliatory discipline as a result of her complaint of sexual harassment. Plaintiff had no choice but to resign because her working conditions were so intolerable no reasonable person could have  been expected to tolerate them.

## CAUSES OF ACTION

### COUNT I
### SEXUAL DISCRIMINATION UNDER TITLE VII
### (DEFENDANT ASCENT)

20.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 19, as if fully stated herein.

21.    Plaintiff has been discriminated against by the Defendant, Ascent, because of her gender and subjected to both a subjectively and objectively hostile work environment due to her female gender.

22.    The above-discussed sexual discrimination violated Title VII.

## COUNT II
### RETALIATION UNDER TITLE VII
#### (DEFENDANT ASCENT)

23.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 22, as if fully stated herein.

24.    Defendant, Ascent, retaliated against Plaintiff by applying a disproportionately severe disciplinary standard to Plaintiff. This was done in response to Plaintiff complaining about sexual harassment and for opposing employment practices that the Plaintiff believes to be unlawful, in violation of Title VII.

25.    Defendant, Ascent, subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of her employment for complaining of gender-based sexual harassment. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

26.    As a proximate result of the Defendant, Ascent's, wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## PRAYER FOR RELIEF UNDER TITLE VII

The Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

The Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant, Ascent's, violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, the Plaintiff prays that this Court:

    a.    Declare the conduct engaged in by the Defendant, Ascent, to be in violation of the Plaintiff's rights;

    b.    Enjoin the Defendant, Ascent, from engaging in such conduct in the future;

    c.    Award the Plaintiff compensatory and punitive damages, including back pay, in an amount to be determined by this Court;

    d.    Award the Plaintiff costs and attorneys' fees; and

    e.    Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

## COUNT III
### INVASION OF PRIVACY
### (DEFENDANT ASCENT AND FICTITIOUS DEFENDANTS 1 - 5)

27.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 26, as if fully stated herein.

8

28.     During the period of the Plaintiff's employment with the Defendant Ascent, "Howard", acting within the line and scope of his employment with the Defendant, Ascent, wrongfully pried or intruded into the Plaintiff's private activities, affairs, and seclusion.

29.     The nature of the intrusions referred to herein was so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

30.     On more than one occasion, Plaintiff complained to management-level employees of the Defendant, Ascent, regarding the repeated intrusions into her personal life by "Howard", or Defendant, Ascent, was otherwise aware of "Howard's" intrusions; however, after being informed of the same, the Defendant, Ascent, did not take any action, whatsoever, to effectively terminate or correct the activities described herein.

31.     As a direct and proximate result of the unreasonable and illegal action of the Defendant, Ascent's, employees, the Plaintiff has suffered from a loss of income and benefits, as well as physical and mental anguish, and has suffered severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, Ascent, and Fictitious Defendants 1 – 5, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT IV
## BATTERY
### (DEFENDANT ASCENT AND FICTITIOUS DEFENDANTS 1 - 5)

32.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 31, as if fully stated herein.

33.     Defendant, Ascent, is responsible for the wrongful acts as alleged by Plaintiff.

34.     During the period of the Plaintiff's employment with the Defendant Ascent, "Howard", while acting within the line and scope of his employment with the Defendant, Ascent, wrongfully brought about harmful and offensive contact to Plaintiff's person.

35.     Defendant, Ascent's, management was on notice of the offensive contact to Plaintiff's person by "Howard", following Plaintiff's complaints about said behavior.  However, after being informed of the same, the Defendant, Ascent, did not take any action to effectively terminate or correct the activities described herein.

36.     Defendant, Ascent, had explicit knowledge of the offensive contact to Plaintiff's person by "Howard", after it was reported to and personally witnessed by the Human Resources Administrator, Nina Garrick.

37.     As a direct and proximate result of the unreasonable and illegal action of the Defendant, Ascent's, employee, the Plaintiff has suffered from a loss of

10

income and benefits, as well as physical and mental anguish and severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, Ascent, and Fictitious Defendants 1 – 5, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

**COUNT V**
**ASSAULT**
**(DEFENDANT ASCENT AND FICTITIOUS DEFENDANTS 1 - 5)**

38.     Paragraphs 1 through 37 are incorporated herein as if set out in full.

39.     Defendant, Ascent's, employee, "Howard" committed an intentional touching, and/or threat of same, to Plaintiff in a rude, threatening or explicit manner under such circumstances that said touching created in Plaintiff a well-founded fear of an imminent battery.

40.     At the time of the touching, and/or threat of same, "Howard" had the ability and opportunity to consummate the offense.

41.     As a direct and proximate result of Defendant, Ascent's, employee's behavior, Plaintiff was caused to suffer personal injury and severe emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Ascent, and Fictitious Defendants 1-5, for compensatory and punitive damages,

costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT VI
### OUTRAGE
### (DEFENDANT ASCENT AND FICTITIOUS DEFENDANTS 1 - 5)

42.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 41, as if fully stated herein.

43.    During the period of her employment with the Defendant, Ascent, the Plaintiff was subjected to conduct by "Howard," so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

44.    The actions referred to herein were intended on the part of "Howard", acting within the line and scope of his employment with the Defendant, Ascent, so as to cause the Plaintiff to suffer severe emotional distress or with reckless disregard as to the effect of such conduct.

45.    On one or more occasions, Plaintiff and complained to management-level employees of the Defendant, Ascent, about the outrageous conduct to which she was being subjected by "Howard," acting in his capacity as an employee of the Defendant, Ascent, or management was otherwise aware of "Howard's" outrageous conduct; however, the Defendant, Ascent, failed to take any action to effectively correct or terminate such activities.

46.    As a direct and proximate result of such extreme and outrageous conduct by "Howard," acting within the line and scope of his employment with the Defendant, Ascent, the Plaintiff has suffered mental and physical anguish and severe emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, Ascent, and Fictitious Defendants 1-5 for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT VII
### NEGLIGENT/WANTON, HIRING, TRAINING, SUPERVISION AND/OR RETENTION
### (DEFENDANT ASCENT AND FICTITIOUS DEFENDANTS 1 - 5)

47.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 46, as if fully stated herein.

48.    Defendant, Ascent, owed a duty to Plaintiff to properly train, supervise & retain employees so as to promote and maintain a work environment without pervasive sexual harassment and discrimination.

49.    The Defendant, Ascent, failed to properly train and/or supervise "Howard", who was incompetent in that he committed the wrongful acts referred to herein in the line and scope of his employment.

50.    The Defendant, Ascent, as the employer, is and was imposed with the duty to train and supervise employees.

13

51.     The Defendant, Ascent, breached its duty by failing to exercise reasonable care or acting in reckless disregard of a known risk that the Plaintiff would be subjected to continued sexual harassment.

52.     As a direct and proximate result of the Defendant, Ascent's, breach of its duty to exercise reasonable care, the Plaintiff has suffered from a loss of income and benefits, as well as mental and physical anguish and severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, Ascent, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 25th day of July, 2018.

/s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:       (256) 532-2222
Fax:           (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

14

**<u>DEFENDANT TO BE SERVED VIA BY CERTIFIED MAIL</u>**:

Ascent Hospitality Management Company
(c/o John Tampa, Registered Agent)
60 Wasden Road,
Hope Hull, AL 36043

Ascent Hospitality Management Company
(c/o John Tampa, Registered Agent)
3616 S. Bogan Road, Suite 201,
Buford, GA 30519