FILED
2019 Oct-18 PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RHONDA KAIKKONEN,** | } |
| Plaintiff, | } |
| v. | } Case No.: 5:18-CV-01150-MHH |
| **ASCENT HOSPITALITY MANAGEMENT COMPANY D/B/A HUNTSVILLE MARRIOTT AT THE SPACE & ROCKET CENTER, et al.,** | } |
| Defendants. | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement. In her amended complaint, plaintiff Rhonda Kaikkonen contends that defendant Ascent Hospitality Management Company (d/b/a Huntsville Marriott at the Space & Rocket Center) and Fictitious Defendants 1-5, violated provisions of Title VII of the Civil Rights Act of 1964 and committed state law torts. (Doc. 12, pp. 8-16, ¶¶ 34-66). In addition, in her amended complaint, Ms. Kaikkonen asserts that Ascent violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (Doc. 12, p. 16, ¶¶ 67-68). As part of a broader settlement agreement, the parties have agreed to resolve Ms. Kaikkonen's FLSA claim, and the parties have asked the Court to review the terms

of the proposed FLSA settlement. (Doc. 19). For the reasons stated below, the Court approves the FLSA settlement because it is a fair and reasonable compromise of a bona fide dispute.

## I. BACKGROUND

Ms. Kaikkonen filed this action on July 25, 2018, and later amended the complaint to include an FLSA claim. (Doc. 1; Doc. 12). Ms. Kaikkonen worked at the Huntsville Marriott from November 28, 2016 until mid-May 2018. (Doc. 12, p. 5, ¶ 15; Doc. 12, p. 7, ¶ 23).

Ms. Kaikkonen alleges that Ascent violated the FLSA by failing to pay the overtime compensation rates for work performed in excess of 40 hours per week. (Doc. 12, p. 16, ¶ 68). Ms. Kaikkonen contends that she was employed as a "M-Club concierge." For this position, Ms. Kaikkonen was paid a base rate of $8.50 per hour during base scheduled hours—5am to 12 pm. (Doc. 12, p. 7, ¶¶ 25-26). Ms. Kaikkonen asserts that she was required to perform duties outside of the base scheduled hours for which she was not paid additional wages. (Doc. 12, p. 7, ¶¶ 27-28). Ms. Kaikkonen also contends that she worked five hours per day beyond her scheduled shift in other departments of the hotel. (Doc. 12, pp. 7-8, ¶¶ 29-30). Ms. Kaikkonen contends that Ascent compensated her at her standard base hourly rate, not the overtime rate, for work performed in excess of forty hours per week. (Doc. 12, p. 8, ¶¶ 32-33).

With the assistance of a mediator, the parties have negotiated a settlement of all of Ms. Kaikkonen's claims, including the FLSA claim. (Doc. 19, p. 3). In exchange for dismissal of the FLSA claims against it with prejudice, Ascent has agreed to pay Ms. Kaikkonen $61.63 for unpaid overtime wages. (Doc. 19, p. 3). This amount reflects 14.5 overtime hours paid at an overtime premium of $4.25 per hour in addition to what Ms. Kaikkonen was paid at her standard hourly rate. (Doc. 19, p. 3). The parties have agreed to exclude liquidated damages. (Doc. 19, p. 3). Additionally, Ascent will pay to plaintiff's counsel $900 in attorney's fees for three hours devoted to the FLSA claim. (Doc. 19, p. 3). To accommodate a resolution, plaintiff's counsel agrees to compromise this amount below her normal hourly rate of $350 per hour. (Doc. 19, p. 3).

On this record, the Court considers the parties' motion to approve the proposed settlement of the FLSA claim.

## II. DISCUSSION

### A. Approval of the Settlement

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.''" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that her employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281-82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement. Ms. Kaikkonen asserts that Ascent failed to pay her overtime compensation for hours she worked in excess of forty hours a week. (Doc. 12, p. 8,

¶ 33). Ascent denies the allegation. (Doc. 13, p. 5, ¶ 33). Ascent also denies that its alleged FLSA violation was willful. (Doc. 19, p. 3). This bona fide dispute supports the parties' proposed settlement.

The Court finds that the method used to calculate the plaintiff's disputed wages is fair and reasonable under the circumstances of this case. The parties negotiated a broad settlement to resolve Ms. Kaikkonen's FLSA claim and her Title VII and state law claims. As part of this broader settlement, the parties designated $61.63 to compensate Ms. Kaikkonen for 14.5 hours of overtime work for which she was previously paid only her standard hourly rate. The $61.63 payment represents full compensation for the overtime hours. (Doc. 19, p. 3).

With respect to liquidated damages, when an employee is entitled to a recovery of wages under the FLSA, a district court:

> generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."); *see also Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566–67 (11th Cir.1991). There is, however, a good faith defense, which gives the court discretion to reduce or deny an award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages. *Dybach,* 942 F.2d at 1566; *Spires v. Ben Hill County,* 980 F.2d 683, 689 (11th Cir.1993).

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). In their joint motion for approval of the FLSA settlement, the parties represent that there is a genuine dispute as to whether Ms. Kaikkonen could overcome the evidence that Ascent would present in support of its good faith defense. (Doc. 19, p. 3). Accepting the parties' joint representation, though it is unusual, the Court finds that it is reasonable to forego the payment of liquidated damages.

### B. Attorney's Fees and Costs

The parties determined the amount of attorney's fees separately from the negotiation of overtime wages. (Doc. 19, p. 3). Ascent agreed to pay plaintiff's counsel $900.00 for the time that plaintiff's counsel devoted to the FLSA claim. (Doc. 19, p. 3). The parties arrived at this amount based on an approximation of plaintiff's counsel's time spent specifically on the FLSA claim. (Doc. 19, p. 3). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1290 (N.D. Ala. 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness

and approve the fee and expenses proposed to be paid by the defendants in the settlement."). After review of the settlement agreement and noting the downward adjustment to plaintiff's counsel's standard hourly rate, the Court finds that the attorney's fee of $900 is fair and reasonable. It does not appear that this attorney's fee award compromises the plaintiff's recovery. Accordingly, the Court finds that the agreed attorney's fee adequately compensates plaintiff's counsel and does not taint plaintiff's recovery.

### III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Ms. Kaikkonen's FLSA claim. The Court concludes that there is a bona fide dispute regarding plaintiff's FLSA claim, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.

**DONE** this October 18, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE